**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MARELLI AUTOMOTIVE LIGHTING USA LLC, *et al.*,[1] | Case No. 25-11034 (CTG) |
| Debtors. | (Jointly Administered) |
| OPMOBILITY GESTION; OPMOBILITY SE; OPMOBILITY HOLDING USA, INC.; and OPMOBILITY LIGHTING HOLDING, | |
| Plaintiffs, | Adv. Pro. No. 26-50470 (CTG) |
| v. | |
| STRATEGIC VALUE PARTNERS, LLC; MARELLI HOLDINGS CO., LTD.; MARELLI CORPORATION; MARELLI NORTH AMERICA, INC.; MARELLI HOLDING USA LLC; MARELLI TENNESSEE USA LLC; MARELLI AUTOMOTIVE LIGHTING USA LLC; and DOE DEFENDANTS 1-20, | |
| Defendants. | |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF CROSS-MOTION TO STAY PROCEEDINGS**

---

[1]     A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.veritaglobal.net/Marelli.  The location of Marelli Automotive Lighting USA LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 26555 Northwestern Highway, Southfield, Michigan 48033.

Defendants Strategic Value Partners, LLC ("SVP"), Marelli Holdings Co., LTD., Marelli Corporation, Marelli North America, Inc., Marelli Holding USA LLC, Marelli Tennessee USA LLC, and Marelli Automotive Lighting USA LLC (collectively, "Marelli," and together with SVP, "Defendants"), hereby submit this reply in further support of their Cross-Motion to Stay Proceedings (the "Stay Motion" [Adv. D.I. 28]).[2]

In their Opposition to the Stay Motion, Plaintiffs go to great lengths to distance this Adversary Proceedings from the French Legal Proceedings. They emphasize that this "is a trade secret case" and that "[t]rade secret and fiduciary duty claims . . . form the heart of this case" and "cannot be asserted" in the French Legal Proceedings. Opp. at 1, 6. They brazenly claim that "the French Labor Proceeding will not resolve a single issue in this case." Opp. at 2. And they split hairs on procedural and jurisdictional technicalities that they claim minimize the overlap between this Adversary Proceeding and the French Legal Proceeding. Opp. at 6–7. But none of these purported distinctions change the fact that—in both this Adversary Proceeding and the French Legal Proceeding—Plaintiffs seek an order enjoining any employment of Mr. Favre by Marelli and/or SVP in contravention of the alleged obligations of his 2019 non-competition agreement with OPmobility. Mot. at 5. As set forth in Defendants' Stay Motion, it is this undeniable overlap in relief that forms the predicate for a stay. *Id.* (quoting *In re Nat'l Bank of Anguilla (Priv. Banking Tr.) Ltd.*, 580 B.R. 64, 100 (Bankr. S.D.N.Y. 2018)).[3]

---

[2]    Capitalized terms not defined herein shall have the same meaning as ascribed to them in the Stay Motion.

[3]    Plaintiffs make no effort to distinguish *Nat'l Bank of Anguilla*, which is the most apposite authority and the lone bankruptcy case on international comity before the Court on this Motion.

Regardless of Plaintiffs' characterizations, this Adversary Proceeding should be stayed because the result of the French Legal Proceeding will undisputedly impact the course of this Adversary Proceedings:

*First*, Plaintiffs have pled claims in this Adversary Proceeding for tortious interference and aiding and abetting breach of fiduciary duty (Counts 3 and 4) that rise and fall with the enforceability of the non-competition provision of Favre's employment agreement with OPmobility. *See* Adv. D.I. 1 ¶¶ 141–157. Even if not technically *res judicata*, the French court may still grant interim relief by, potentially, temporarily prohibiting Mr. Favre from working for Marelli or by declaring the non-competition provision unenforceable. A decision from a French court on issues of French law concerning a contractual and employment relationship governed by French law will heavily inform this Court's decision-making on Plaintiffs' claim. There is no advantage to be gained in going forward in this case when there is a potentially dispositive ruling coming in two months that will necessarily impact the claims in this case.

*Second*, Plaintiffs overstate the difference between the claims and relief sought in this case and those in the French Legal Proceeding. Indeed, their filings lay bare the overlap. Plaintiffs admit they have asserted counterclaims against Favre in the French Legal Proceeding. Opp. at 7. They characterize their counterclaims as "narrow" but admit they are "based on the same provision" in Favre's Employment Agreement that are at the heart of this case, seeking to "prevent Mr. Favre from collaborating with Defendants." *Id.* The declaration from Plaintiffs' French lawyer confirms the scope of Plaintiffs' counterclaims in the French Legal Proceeding, stating that they seek an order "requir[ing] Mr. Favre to … suspend all collaboration with Marelli, its shareholders, and the Ad Hoc Group." Adv. D.I. 43-1 at ¶ 14. "[S]uspending all collaboration" between Favre, Marelli, its shareholders, and the Ad Hoc Group is broader than simply enforcing

a non-compete solely against Favre, and is sufficiently similar as to what Plaintiffs seek here to warrant a stay.[4]  *See Nat'l Bank of Anguilla*, 580 B.R. at 100 (granting stay on grounds of international comity where "[t]he litigation of these Adversary Proceedings involves the same subject matter and revolves around the same issues as the action[] currently being litigated before the courts in [the foreign proceedings]"); *Christ v. Cormick*, 2007 WL 2022053, at *8 (D. Del. July 10, 2007) (including "the similarity of the issues" among the factors applicable to a motion to stay).

***Third***, Plaintiffs intend to pursue preliminary injunctive relief in this Adversary Proceeding.  But a decision in the French Legal Proceedings could all but moot it.  A decision from the French court that the non-competition provision is unenforceable would eviscerate the basis for Plaintiffs' requested injunctive relief.  On the other hand, if the French court determines that the non-competition agreement prohibits Mr. Favre's employment, there is no need for preliminary injunctive relief (or for the parties or the Court to expend substantial time and resources attendant to a preliminary injunction).  Accordingly, a stay of these proceedings pending the outcome of the French Legal Proceeding substantially advances the Court's interests in efficiency and economy.

***Finally***, to the extent Plaintiffs contend that their trade secret claims (Counts 1 and 2) prevent a stay of this Adversary Proceedings, the impact of the requested stay on Plaintiffs' pursuit of those claims is minimal.  Indeed, those claims will not be litigated until after the preliminary injunctive motion has been decided and the French Legal Proceeding will impact the underlying

---

[4]    *See* Dkt. No. 2249 Prayer for Relief ¶¶ 1 (seeking an order prohibiting Defendants from employing Favre "in the same or similar position to his role at OPmobility"), 2 & 3 (seeking an order prohibiting Defendants from "allowing Mr. Favre to operate on behalf of Marelli"), 5 (seeking an order prohibiting Defendants from "allowing Mr. Favre to work with the Ad Hoc Group to support Marelli's ongoing restructuring and strategic planning").

issues.  As a result, a stay pending resolution of the French Legal Proceeding imposes no prejudice to Plaintiffs.

For these reasons, and the reasons set for in Defendants' opening Stay Motion, Defendants respectfully request that this Court enter the proposed Order, submitted in connection with opening motion, (i) denying the Commissioner Motion and (ii) granting Defendants' Cross-Motion to Stay Proceedings on Grounds of International Comity and staying all further proceedings until further order of this Court.

Date: July 17, 2026
Wilmington, Delaware

/s/ *Laura Davis Jones*

**PACHULSKI STANG ZIEHL & JONES LLP**
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Telephone:     (302) 652-4100
Facsimile:     (302) 652-4400
Email:         ljones@pszjlaw.com
               rcairns@pszjlaw.com
               ecorma@pszjlaw.com


**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Nicholas M. Adzima
Evan Swager
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         joshua.sussberg@kirkland.com
               nicholas.adzima@kirkland.com
               evan.swager@kirkland.com

- and –

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Ross M. Kwasteniet P.C.
Spencer M. Winters
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:         ross.kwasteniet@kirkland.com
spencer.winters@kirkland.com

*Co-Counsel to the Debtor-Defendants*

6

**COLE SCHOTZ P.C.**

*/s/ Stacy L. Newman*

Justin R. Alberto (No. 5126)
Stacy L. Newman (No. 5044)
Jack M. Dougherty (No. 6784)
500 Delaware Avenue, Suite 600
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
E-mail:    jalberto@coleschotz.com
            snewman@coleschotz.com
            jdougherty@coleschotz.com

*-and-*

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Marty L. Brimmage, Jr.
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email: mbrimmage@akingump.com

Scott L. Alberino
Kate Doorley
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
Email:  salberino@akingump.com
            kdoorley@akingump.com

Roxanne Tizravesh
1111 Louisiana Street, 44th Floor
Houston, TX 77002
Telephone: (713) 220-5800
Facsimile: (713) 236-0822
Email: rtizravesh@akingump.com

*Counsel to Strategic Value Partners, LLC*

7