Case 26-50470-CTG   Doc 54-2   Filed 07/23/26   Page 1 of 9

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MARELLI AUTOMOTIVE LIGHTING USA LLC, *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 25-11034 (CTG)<br><br>(Jointly Administered) |
| OPMOBILITY GESTION; OPMOBILITY SE; OPMOBILITY HOLDING USA, INC.; and OPMOBILITY LIGHTING HOLDING,<br><br>    Plaintiffs,<br><br>v.<br><br>STRATEGIC VALUE PARTNERS, LLC; MARELLI HOLDINGS CO., LTD.; MARELLI CORPORATION; MARELLI NORTH AMERICA, INC.; MARELLI HOLDING USA LLC; MARELLI TENNESSEE USA LLC; MARELLI AUTOMOTIVE LIGHTING USA LLC; and DOE DEFENDANTS 1-20,<br><br>    Defendants. | Adv. Pro. No. 26-50470 (CTG) |

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE IN THE AUTHORIZATION OF A COMMISSIONER PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.veritaglobal.net/Marelli. The location of Marelli Automotive Lighting USA LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 26555 Northwestern Highway, Southfield, Michigan 48033.

A request is hereby made by the United States Bankruptcy Court for the District of Delaware, at 824 N Market Street, Wilmington, DE 19801, UNITED STATES OF AMERICA, to the Ministère de la Justice  Direction des Affaires Civiles et du Sceau, Département de l'entraide, du droit international privé et européen ("DEDIPE"), 13 Place Vendôme, 75042 Paris Cedex 01, FRANCE for assistance in obtaining document discovery from OPmobility Gestion, OPmobility SE, OPmobility Holding USA, Inc., and OPmobility Lighting Holding ("OPmobility"), the Plaintiffs in the above-captioned action.  This request is made pursuant to Chapter II of the Hague Convention of 18 March 1970 on the Taking of Evidence in Civil or Commercial Matters (the "Hague Convention").

| | | |
|---|---|---|
| 1. | Sender | The Honorable Craig T. Goldblatt<br>United States Bankruptcy Court<br>District of Delaware<br>824 North Market Street<br>Wilmington, Delaware 19801<br>UNITED STATES OF AMERICA |
| 2. | Central Authority of the Requested State | Ministère de la Justice<br>Direction des Affaires Civiles et du Sceau<br>Département de l'entraide, du droit international privé et européen (DEDIPE)<br>13 Place Vendôme<br>75042 Paris Cedex 01,<br>FRANCE |
| 3. | Person to whom the executed request is to be returned. | Jacob R. Kirkham (No: 5768)<br>Kobre & Kim LLP<br>600 North King Street, Suite 501<br>Wilmington, Delaware 19801<br>Telephone: +1 (302) 518-6456<br>Email: jacob.kirkham@kobrekim.com<br><br>OPmobility also designates the appointed Commissioner, Mr. Alexander Blumrosen, to accept service of the Hague Convention authorization and notifications from the French governmental authorities related to the Hague Convention proceedings on behalf of |

2

OPmobility. The Commissioner shall transmit such authorization and notifications to counsel for OPmobility and the defendants in the above-captioned action, Marelli Holdings Co., Ltd., Marelli Corporation, Marelli North America, Inc., Marelli Holding USA LLC, Marelli Tennessee USA LLC, and Marelli Automotive Lighting USA LLC (together, "Marelli") and Strategic Value Partners, LLC ("SVP" and, together, the "Defendants") simultaneously.

In conformity with Chapter II, Article 17 of the Hague Convention, the United States Bankruptcy Court for the District of Delaware presents its compliments to the Ministère de la Justice and has the honor to submit the following request:

| | | |
|---|---|---|
| 4. | Specification of the date by which the requesting authority requires receipt of the response to the Request for International Judicial Assistance ("Request for Assistance") | The requesting authority would greatly appreciate a response to the Request for Assistance as soon as is practicable, as OPmobility intends to file a motion for preliminary injunctive relief, and to request that the undersigned Court set a hearing on that motion. The parties cannot file supporting briefs, nor can the Court proceed with an evidentiary hearing, until the below-described documents and information may be used in a United States litigation. |
| 5. | Requesting Judicial Authority | United States Bankruptcy Court for the District of Delaware 824 North Market Street Wilmington, Delaware 19801 UNITED STATES OF AMERICA |
| 6. | To the competent authority of | The Republic of France |
| 7. | Name of the case and any identifying number | *OPmobility Gestion et al. v. Strategic Value Partners, LLC et al.*, Adv. Pro. No. 26-50470 (CTG) (Bankr. D. Del.) (Adversary proceeding in *In re Marelli Automotive Lighting USA LLC, et al.*, Case No. 25-11034 (CTG) (Bankr. D. Del.)) |
| 8. | Name of Plaintiffs | OPmobility Gestion; OPmobility SE; OPmobility Holding USA, Inc.; and OPmobility Lighting Holding |

3

| 9. | Name and addresses of Plaintiffs' representatives | Jacob R. Kirkham (No. 5768)<br>Stephen J. Astringer (No: 6375)<br>Danielle Bateman (*pro hac vice*)<br>Kobre & Kim LLP<br>600 North King Street, Suite 501<br>Wilmington, Delaware 19801<br>Telephone: +1 (302) 518-6460<br>Email: jacob.kirkham@kobrekim.com<br>Email: stephen.astringer@kobrekim.com<br>Email: danielle.bateman@kobrekim.com<br><br>Michael Ng (*pro hac vice*)<br>Daniel A. Zaheer (*pro hac vice*)<br>Kobre & Kim LLP<br>150 California Street, 19th Floor<br>San Francisco, CA 94111<br>Telephone: +1 (415) 582-4800<br>Email: michael.ng@kobrekim.com<br>Email: daniel.zaheer@kobrekim.com<br><br>Adam M. Lavine (*pro hac vice*)<br>George Stamatopoulos (*pro hac vice*)<br>Jessica K. Fender (*pro hac vice*)<br>Zachary Sizemore (*pro hac vice*)<br>Kobre & Kim LLP<br>800 Third Avenue<br>New York, NY 10022<br>Telephone: +1 (212) 488-1200<br>Email: adam.lavine@kobrekim.com<br>Email: george.stamatopoulos@kobrekim.com<br>Email: jessica.fender@kobrekim.com<br>Email: zachary.sizemore@kobrekim.com |
| 10. | Name of the relevant Defendants | Strategic Value Partners, LLC<br>Marelli Holdings Co., Ltd.,<br>Marelli Corporation,<br>Marelli North America, Inc.,<br>Marelli Holding USA LLC,<br>Marelli Tennessee USA LLC,<br>Marelli Automotive Lighting USA LLC,<br>Doe Defendants 1-20 |
| 11. | Names and addresses of relevant Defendants' representatives | On behalf of **Marelli** entities:<br><br>Nicholas M. Adzima |

Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
Telephone: +1 (212) 390-4409
Email: nicholas.adzima@kirkland.com

On behalf of the **SVP** entities:

Marty L. Brimmage, Jr.
Akin Gump Stauss Hauer & Feld LLP
One Bryant Park
Bank of America Tower
New York, NY 10036-6745 US
Telephone: +1 (214) 969-2885
Email: mbrimmage@akingump.com

| 12. | Nature and purpose of the proceedings and summary of the facts | On June 16, 2026, OPmobility commenced an adversary proceeding in connection with the above-captioned chapter 11 cases of Marelli Automotive Lighting USA LLC and certain of its affiliated debtors. *See* Adv. Compl., Dkt. No. 1, 26-50470 (CTG) ("Adversary Complaint").

As set forth in the Adversary Complaint, OPmobility alleges the following: Laurent Favre served as Chief Executive Officer of OPmobility SE. In addition, he was appointed to positions such as President, Director, and/or CEO of eleven additional subsidiary or affiliate entities across the OPmobility enterprise, including as President of OPmobility Lighting Holding, and President and Director of OPmobility Holding USA Inc. Mr. Favre's role allowed him access to OPmobility's most sensitive, valuable, and secret information, which if disclosed to a competitor could cause significant, irreparable harm to OPmobility's commercial interests.

OPmobility further alleges that: Mr. Favre and OPmobility negotiated a written employment contract (the "Employment Contract") that included (1) a strict confidentiality clause that provides "absolute" protection for confidential information learned in the course of his employment, and (2) a non-competition covenant in which he agreed not to work (as an |

5

employee, consultant, or otherwise) for any competitor for two years following his departure. Although Mr. Favre's employment with OPmobility ended on November 6, 2025, OPmobility alleges that Mr. Favre's Employment Contract obligations remain in full force, as does Mr. Favre's continuing fiduciary duty of loyalty, which precludes him from using or disclosing OPmobility confidential information which he learned during his employment.

OPmobility further alleges that: Marelli is one of OPmobility's direct competitors. Marelli currently is in chapter 11 proceedings before this Court, and SVP leads a group of senior lenders (the "Ad Hoc Group") that holds roughly 50 percent of Marelli's senior debt. Marelli and SVP have actively recruited Mr. Favre to serve as Marelli's CEO, thereby inducing the breach of his obligations to OPmobility.

Accordingly, OPmobility has alleged that: the Defendants have engaged in trade secret misappropriation, aiding and abetting the breach of Mr. Favre's fiduciary duties to OPmobility, and tortious interference with Mr. Favre's performance under his employment contract.

OPmobility maintains custody and control over its own internal documents and information which represent a significant body of evidence relevant to these allegations. As described in more detail below, these include documents such as the Employment Contract, confidential internal OPmobility records reflecting Mr. Favre's access to trade secrets and confidential information during his tenure, and internal communications. In addition, OPmobility has indicated it may procure declarations by OPmobility employees with relevant knowledge in support of its motion for a preliminary injunction. These OPmobility documents originated in France and are held by OPmobility in France.

Various laws govern the gathering, provision, and use of the documents and information described below, such as French Law No. 68-678 of July 26, 1968, relating to the Communication of Economic, Commercial, Industrial, Financial, or Technical Documents and Information to Foreign Individuals or Legal Entities, as modified by Law No. 80-538 of July 16, 1980 (Article 1 *bis*) (the "French Blocking Statute") and the Hague Convention.

Accordingly, this Request for Assistance is made to facilitate OPmobility's production and use of its own documents and materials, as described herein, consistent with applicable law.

13.   Evidence to be obtained        Documents and information (the "French Documents") relating to: Mr. Favre's hiring, employment, compensation, retention, and departure from employment with or by OPmobility; OPmobility's employee non-competition clauses and obligations; OPmobility's employee confidentiality clauses and obligations; Mr. Favre's access to trade secrets and confidential information during his tenure with OPmobility; pricing strategy and structure; strategic planning; product development and strategic customer analysis; merger and acquisition ("M&A") and joint venture opportunities; M&A strategic plans; assessments of markets; assessments of competitors; analyses of potential acquisitions; plans and term sheets for potential and realized mergers, acquisitions, or joint ventures; non-disclosure agreements and memoranda of understanding relating to confidential information; assessments regarding whether to expand into certain businesses or geographic markets; mobile device management policies, digital charters, and mobile applications management; and information protection and classification policies.

In addition, OPmobility intends to procure declarations by OPmobility employees with

relevant knowledge in support of its motion for a preliminary injunction.

| | | |
|---|---|---|
| 14. | Whether the Plaintiffs and relevant Defendant have consented to document discovery | OPmobility is voluntarily producing the French Documents in connection with this adversary proceeding. The Defendants have been informed of, and oppose, the process established by this Order. |
| 15. | Suggested Date by which any discovery must be completed | Documents shall be provided on a rolling basis as promptly as practicable following the Ministère de la Justice's approval of the Commissioner, subject to any orders entered by this Court. |
| 16. | Special methods or procedures to be followed | All French Documents may be designated and marked as "Confidential" or such other designation as may be specified in any protective order entered in this adversary proceeding, or if no such order has been entered may be designated as "Confidential" in accordance with Local Bankruptcy Rule 9018-1(f), and shall be subject to the terms of that order or rule. As outlined in any applicable protective order, Confidential material may not be disclosed outside the adversary proceeding except as authorized by this Court. |
| 17. | Specification of privilege or duty to refuse to produce documents or information under the law of the State of origin | Neither this Request for Assistance, the transmission of documents to the Commissioner, nor any examination of documents by the Commissioner, shall waive, or be deemed to have waived, the attorney-client privilege, the work product doctrine, or any other privileges, rights, protections, or prohibitions that may apply to that evidence under the laws of France, the United States, or applicable non-bankruptcy law. |
| 18. | Authority appointing Commissioner pending approval of the Ministère de la Justice | United States Bankruptcy Court for the District of Delaware 824 North Market Street Wilmington, Delaware 19801 UNITED STATES OF AMERICA |
| 19. | Commissioner | Mr. Alexander Blumrosen |

8

Polaris Law
4, avenue Hoche
75008 Paris
FRANCE
Tel: +33 6 80 01 14 13
ablumrosen@polarislaw.eu

Attached hereto is the Order of the United States Bankruptcy Court for the District of Delaware, appointing Alexander Blumrosen as Commissioner, pending the approval of the Ministère de la Justice.

20.     Costs

All costs of this Hague Convention process, including, without limitation, the fees of the Commissioner, translation fees for these motion papers, and any transmittal costs for the French Documents, will be borne by OPmobility. Each party will be responsible for the fees and expenses, if any, of its own attorneys relating to any proceedings arising from this Hague Convention process.

This Court expresses its appreciation to the Ministère de la Justice for its courtesy and assistance in this matter.

Dated: July 23, 2026

_____
Craig T. Goldblatt
United States Bankruptcy Judge

9